## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

EMAD BREADIY and
ORAIBE BREADIY,

      Plaintiffs,                     CASE NO. 13-10162
                                        HON. LAWRENCE P. ZATKOFF

v.

PNC MORTGAGE, National Association,

      Defendant.
_____/

### OPINION AND ORDER

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 19th day of September 2014

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I.  INTRODUCTION

This matter is before the Court on Defendant's Motion for Summary Judgment (Docket #7). The Motion has been fully briefed.  The Court finds that the facts and legal arguments pertinent to the Motion are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments.  Therefore, pursuant to E.D. Mich. Local R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted by the parties, without this Court entertaining oral arguments.  For the reasons that follow, Defendant's Motion is GRANTED.

### II.  BACKGROUND

Plaintiffs reside at 4777 Shellbark Dr. Township of Pittsfield, Michigan (the "Property"). Plaintiff  Emad  Breadiy  is the borrower under a certain residential mortgage loan dated January

2, 2009, issued by Defendant in the amount of $250,126.00 (the "Note").  The Note was secured by a mortgage executed by both Plaintiffs and recorded against the Property on January 13, 2009 (the "Mortgage").  Plaintiffs used the funds borrowed under the Note to purchase the Property.  By September 2009, Plaintiffs were in default of the Note.  Notwithstanding Plaintiffs' default, they were offered a repayment agreement in March 2010 to assist them in curing their default.  Plaintiffs, however, failed to make their first payment under the repayment agreement.

After defaulting on the repayment agreement, Plaintiffs sought a loan modification from Defendant.  Plaintiffs were evaluated for a loan modification between August 2010 and February 2011, and a loan modification for Plaintiffs was approved on February 22, 2011. On March 22, 2011, Defendant entered into a loan modification agreement with Plaintiffs ("Modification Agreement"), reducing Plaintiffs' interest rate from 5.375% to 4.75%.  Plaintiffs went into default under the Modification Agreement within months, and Defendant notified Plaintiffs of their default under the Mortgage and Modification Agreement in September 2011.  At the same time, Defendant referred the matter to Trott & Trott for foreclosure.

On October 24, 2011, Trott & Trott served the notices required by MCL § 600.3205 and later scheduled a sheriff's sale for December 11, 2011.  Between October and December 11, 2011, Plaintiffs requested a second loan modification directly from Defendant.  On February 22, 2012, Defendant notified Plaintiffs that they had been pre-approved for a second modification and a trial payment plan.  The February 22, 2012, correspondence specifically stated that "[a]ll payments must be made . . . to qualify for a Modification under this loss mitigation program."  Plaintiffs failed to make their first payment, however, and in a letter dated April 18, 2012, Defendant informed

2

Plaintiffs their request for a second modification had been denied because of their failure to make their first payment. The April 18, 2012, letter expressly stated (emphasis added):

> Please note that the servicing of your loan will continue per the terms of your Note and Mortgage, **including foreclosure proceedings and normal credit bureau reporting. If foreclosure activity was previously suspended on your loan, it has now been resumed**.

On multiple occasions during the evaluation of Plaintiffs' request for a second loan modification, Defendant adjourned the sheriff's sale originally scheduled for December 11, 2011. Once Plaintiffs' request for the second loan modification was denied due to Plaintiffs failure to make the initial payment under the trial payment plan, a sheriff's sale was scheduled for May 17, 2012. On May 17, 2012, Defendant purchased the Property at the scheduled sheriff's sale pursuant to a Sheriff's Deed, and the Sheriff's Deed was recorded on June 7, 2012. Under the terms of the Sheriff's Deed, Plaintiffs had six months from the date of foreclosure sale (*i.e.*, until November 17, 2012) to redeem the Property. Plaintiffs did not redeem the Property on or before November 17, 2012. Instead, on December 7, 2012, Plaintiffs filed the instant action in an effort to challenge the Sheriff's Deed. In their Complaint, Plaintiffs assert three claims: (1) Count I - Quiet Title; (2) Count II - Breach of MCL § 600.3205c; and (3) Injunction and Other Relief.

### III. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[T]he plain language of Rule 56[] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). A party must support its assertions by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  "The court need consider only the cited materials, but it may consider other materials in the record."  Fed. R. Civ. P. 56(c)(3).

The moving party bears the initial burden of demonstrating the absence of any genuine dispute as to a material fact, and all inferences should be made in favor of the nonmoving party. *Celotex*, 477 U.S. at 323.  The moving party discharges its burden by "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 325)).

Once the moving party has met its initial burden, the burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## IV.  ANALYSIS

### A.    Counts I and II

Counts I and II of Plaintiffs' Complaint are subject to dismissal for several reasons.

1.    *Redemption Period Expired on November 17, 2012*

In Counts I and II, Plaintiffs allege that Defendant failed to comply with MCL §§ 600.3205a and 600.3205c with respect to foreclosing on the Property.  Under Michigan law, Plaintiffs had six months after the sale to challenge the foreclosure. *See* MCL § 600.3240(8).  The sale date was May 17, 2012; as such, the redemption period expired on November 17, 2012. Plaintiffs did not file their Complaint, however, until December 7, 2012, *i.e.*, after the six-month redemption period expired.

The clearly established applicable law in Michigan is that persons such as Plaintiffs generally have no right to challenge their foreclosure sale after the redemption period expired. *See, e.g., Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187 (1942); *Overton*, 2009 WL 1507342, at *1; *Spartan Distributors, Inc. v. Golf Coast Int'l, L.L.C.*, No. 295408, 2011 WL 1879722 (Mich. App. May 17, 2011) at *3.  There are limited exceptions to this established rule of law, but Plaintiffs do not argue that any of those exceptions apply.  Accordingly, the Court concludes that Plaintiffs' cause of action should be dismissed for failure to timely redeem the Property.

2.    *Inapplicability of MCL § 600.3205c*

Plaintiffs contention that the loan modification provisions of MCL § 600.3205c apply to this case are misplaced.  MCL §§ 600.3205(a)(1) and (6) provide, in relevant part:

(1) Subject to subsection (6), before commencing a proceeding under this chapter to which section 3204(4) applies, the foreclosing party shall serve a written notice on the borrower that contains all of the following:

[(a)-(k) describe requirements of notice]

(6) If the borrower and the person designated under subsection (1)(c) have previously agreed to modify the mortgage loan under section 3205b, this section and section 3205b and 3205c do not apply unless the borrower has complied with

5

the terms of the mortgage loan, as modified, for 1 year after the date of the
modification.

In this case, it is undisputed that Defendant approved a loan modification for Plaintiffs in February

2011. It is also undisputed that Plaintiffs defaulted on the February 2011 loan modification less than

12 months afer it was approved. In other words, Plaintiffs did not comply with the terms of the

mortgage loan afforded by the February 2011 loan modification for one year after the date of the

modification. As such, pursuant to the express terms of MCL § 600.3205(a)(6), MCL § 600.3205c

does not apply. Accordingly, Defendant had no obligation to: (1) send the written notice Plaintiffs

contend they were entitled to be sent pursuant to MCL § 600.3205(c), (2) provide any notice

required by MCL §§ 3205(a)(1), or (3) even consider Plaintiffs for a second loan modification.

Accordingly, to the extent Plaintiffs' claims rest on MCL §600.3205c, the Court concludes

that such claims must be dismissed.

### 3. *Plaintiffs' Failure to Avail Themselves of Remedy Afforded by Statute*

Even if Plaintiffs were eligible for a second modification, courts in the Eastern District of

Michigan uniformly have held that a violation of Section 600.3205c is insufficient to justify setting

aside a completed foreclosure sale. *See, e.g., Adams v. Wells Fargo Bank, N.A.*, No. 11-10150, 2011

WL 3500990, at *4 (E.D. Mich. Aug. 10, 2011) (Battani, J.); *Nafso v. Wells Fargo Bank, N.A.*, No.

11-10478, 2011 WL 1575372, at *3 (E.D. Mich. Apr. 26, 2011) (Cohn, J.); *Stein v. U.S. Bancorp*,

No. 10-14026, 2011 WL 740537, at *8, 10 (E.D. Mich. Feb. 24, 2011) (Cook, J.). This is because

the statute does not require the mortgage holder or servicer to modify the mortgage loan. *See* Mich.

Comp. Laws § 600.3205c(8). Instead, the statute provides that "[i]f a mortgage holder or mortgage servicer begins foreclosure proceedings under this chapter in violation of this section, the borrower may file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure." *Id*. "The provision allows certain borrowers to determine the type of foreclosure proceeding, not to avoid foreclosure altogether or set aside an already-completed foreclosure." *Stein*, 2011 WL 740537, at *10.

Accordingly, Plaintiffs' Counts I and II of Plaintiffs' Complaint also should be dismissed for this reason.

> *4.    Conclusion*

For the reasons set forth above, the Court will grant Defendant's Motion for Summary Judgment as it relates to Counts I and II.

## B.    Claim for Injunctive Relief

In Count III, Plaintiffs bring a claim for injunctive relief.  Injunctive relief is not a freestanding claim, however, but is simply a form of relief. *See Terlecki v. Stewart*, 278 Mich.App. 644, 663 (2008) ("It is well settled that an injunction is an equitable remedy, not an  independent cause of action").  Accordingly, the Court also grants Defendant's Motion as to Count III.

**V.  CONCLUSION**

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (Docket #7) is GRANTED.  IT IS FURTHER ORDERED that Plaintiffs' cause of action be DISMISSED WITH PREJUDICE.  Judgment shall be entered accordingly.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff_____
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: September 19, 2014

8